1 | EDMUND G. BROWN JR.
Attorney General of the State of California
2 | PAUL T. HAMMERNESS
Supervising Deputy Attorney General
3 | TROY B. OVERTON, State Bar No. 171263
Deputy Attorney General
4 | 455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
5 | Telephone: (415) 703-5516
Fax: (415) 703-5480
6 | Email: Troy.Overton@doj.ca.gov

7 | Attorneys for Defendant JUDGE ROBERT ATACK
(erroneously named as JUDGE ROBERT ATTACK)

8 |

9 | IN THE UNITED STATES DISTRICT COURT

10 | FOR THE NORTHERN DISTRICT OF CALIFORNIA

11 | SAN JOSE DIVISION

| | |
|---|---|
| **BEVERLY THORP,** | **Case No. C08-01449 JF** |
| Plaintiffs, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JUDGE ROBERT ATACK'S MOTION TO DISMISS** [FRCP 12(b)(1) & 12(b)(6)] |
| v. | |
| **JUDGE ROBERT ATTACK, et al.,** | Date: June 20, 2008 |
| Defendants. | Time: 9:00 a.m. |
| | Place: USDC Courthouse 280 South First Street, Courtroom #3, 5th Floor San Jose, California |
| | Judge: Hon. Jeremy Fogel |

20 | Defendant JUDGE ROBERT ATACK (erroneously named as JUDGE ROBERT

21 | ATTACK) (hereinafter "Judge Atack") submits the following memorandum of points and

22 | authorities in support of his motion to dismiss all claims for relief against him pursuant to Rules

23 | 12(b)(1) & 12(b)(6) of the Federal Rules of Civil Procedure.

**I.**

**INTRODUCTION**

26 | By her complaint, Plaintiff Beverly Thorp brings this federal suit to request that Judge

27 | Atack be disqualified and to have all of his "rulings and judgments" in her state law suit be

28 | declared null and void. However, a federal district lacks subject matter jurisdiction to either

1

1 | declare state court rulings or judgments null and void or disqualify a state court judge from a

2 | state court proceeding.  To the extent that there is no final judgment and the underlying state

3 | court case is still ongoing, this Court should abstain pursuant to the *Younger* doctrine.  Further,

4 | even if accepted as true, none of the above factual allegations asserted against Judge Atack in

5 | plaintiff's complaint give rise to any actionable claims and thus, this action should be dismissed

6 | pursuant to Rule 12(b)(6).  Moreover, this action is not only barred by the Eleventh Amendment,

7 | but Judge Atack has judicial immunity for all of the acts plaintiff alleges that arise out of the

8 | exercise of his judicial functions.  Thus, plaintiff's complaint fails to allege sufficient facts to

9 | establish subject matter jurisdiction and fails to state a claim in which relief can be granted

10 | against Judge Atack and, therefore, it should be dismissed pursuant to Rules 12(b)(1) & 12(b)(6)

11 | of the Federal Rules of Civil Procedure.

12 | ## II.

13 | ### FACTUAL AND PROCEDURAL BACKGROUND

14 |        On March 14, 2008, Plaintiff Beverly Thorp filed a complaint alleging, among other

15 | things, that commencing in January of 2007, Judge Atack was biased, was unprofessional, had a

16 | conflict of interest, did not allow her a fair hearing and violated her due process rights during the

17 | course of the state court proceedings in which she was a party, *System & Services Technologies,*

18 | *Inc. v. Beverly Thorp,* Santa Cruz County Superior Court Case No. CV 155983. (Complaint,

19 | Page 8, line 13 to Page 9, line 8; Exhibit 1).  In addition to what plaintiff alleges in her thirty-one

20 | (31) page complaint, plaintiff attached an exhibit which contains eight separate declarations from

21 | a Dr. Gene Ritchey that appear to document his observations regarding the aforementioned state

22 | case along with his personal opinions and legal conclusions (Complaint, Exhibit 1).

23 |        Plaintiff's complaint is disjointed and unfocused making it difficult to understand

24 | precisely what occurred in the state court proceedings, the current status of the state court action,

25 | and the specific relief plaintiff is requesting in this suit.  What is clear, however, is that plaintiff's

26 | complaint does not raise a federal question, does not assert diversity of citizenship, and fails to

27 | allege any specific claims for relief.  Plaintiff merely identifies the "relief [r]equested" against

28 | Judge Atack, as follows:

Mem. of P's & A's ISO Judge Robert Atack's Motion to Dismiss [FRCP 12(b)(1) & 12(b)(6)]
*Thorp v. Attack, et al.*                                                      Case No. C 08-01449 JF

1  1. Request that the United States District Court disqualify Judge Atack
   immediately and permanently (Complaint, Page 30); and

2

3  2. Request that the United States District Court declare all of Judge Atack's
   rulings and judgments null and void (Complaint, Page 30).

4  ### III.

5  ### ARGUMENT

6  **A.    Since Federal District Courts Lack Jurisdiction to Review
         Final State Court Judgments, Plaintiff's Action Should Be**
7        **Dismissed**

8        Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, a district court must

9  dismiss an action if it lacks jurisdiction over the subject matter of the suit.  Unlike a motion

10  under Rule 12(b)(6), the Court is not required to accept all of the non-moving party's factual

11  allegations as true.  Instead, the party moving under Rule 12(b)(1) may submit evidence

12  indicating that the court lacks subject matter jurisdiction.  "It then becomes necessary for the

13  party opposing the motion to present affidavits or any other evidence necessary to satisfy its

14  burden of establishing that the court, in fact, possesses subject matter jurisdiction." (*Ass'n of Am.*

15  *Med. Colleges v. United States*, 217 F.3d 770, 778 (9th Cir. 2000) (noting that a district court

16  "obviously does not abuse its discretion by looking to this extra-pleading material in deciding the

17  issue, even if it becomes necessary to resolve factual disputes")).

18        In this action, plaintiff requests that all of Judge Atack's rulings and judgments be

19  declared null and void.  However, under the *Rooker-Feldman* doctrine, federal district courts lack

20  jurisdiction to review final state court judgments. (*See District of Columbia Court of Appeals v.*

21  *Feldman*, 460 U.S. 462, 482 n.16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16

22  (1923)).  With the exception of habeas corpus petitions, the *Rooker-Feldman* doctrine prohibits

23  district courts from "sit[ting] in direct review of state court decisions." (*Feldman*, 460 U.S. at

24  482 n. 16).  The doctrine bars "a losing party in state court . . . from seeking what in substance

25  would be appellate review of the state judgment in a United States District Court, based on the

26  losing party's claim that the state judgment itself violates the loser's federal rights." (*Bennett v.*

27  *Yoshima*, 140 F.3d 1218, 1223 (9th Cir. 1998) (quoting *Johnson v. De Grandy*, 512 U.S. 997,

28  1005-06 (1994)).

3

1    The *Rooker-Feldman* doctrine derives from 28 U.S.C. § 1257, the statutory provision that

2 grants the Supreme Court jurisdiction to review decisions of the highest state courts.  Because the

3 statute reserves jurisdiction exclusively to the Supreme Court, "it is improper for federal district

4 courts to exercise jurisdiction over a case that is the functional equivalent of an appeal from a

5 state court judgment." (*Ernst v. Child & Youth Servs.*, 108 F.3d 486, 491 (3rd Cir. 1997)).  The

6 doctrine precludes not only review of decisions of the state's highest court, but also those of its

7 lower courts. (*See Dubinka v. Judges of Superior Court*, 23 F.3d 218, 221 (9th Cir. 1994)).

8    Here, Plaintiff's thirty-one page complaint with eight additional witness affidavits do not

9 state a valid basis for subject matter jurisdiction because the case falls directly within the Rooker-

10 Feldman doctrine.  Plaintiff's complaint challenges Judge Atack's "[r]ulings and [j]udgments,"

11 arguing that they violated her due process rights.  By requesting that this Court invalidate those

12 rulings and judgments, plaintiff is essentially trying to seek appellate review of them.  The

13 *Rooker-Feldman* doctrine clearly prevents this Court from granting Plaintiff's requested relief.

14    The mere fact that plaintiff's complaint references constitutional claims under 42 U.S.C.

15 § 1983 does not correct the jurisdiction problem. (*See Worldwide Church of God v. McNair*, 805

16 F.2d 888, 893 n.4 (9th Cir. 1986) ("Cases subsequent to *Feldman* make it clear that *Feldman*

17 doctrine precludes district courts from considering constitutional claims that are "inextricably

18 intertwined" with the state court's rulings. *Id.* at 891.  A federal claim is considered "inextricably

19 intertwined" with a state court judgment "if the federal claim succeeds only to the extent that the

20 state court wrongly decided the issues before it." *Pennzoil Co. v. Texaco Inc.*, 481 U.S. 1, 25

21 (1987) (Marshall, J., concurring)).  In other words, "the district court does not have jurisdiction if

22 it cannot evaluate the constitutional claims without conducting a review of the state court's legal

23 determinations in a particular case." (*Lefcourt v. Superior Court*, 63 F.Supp.2d 1095, 1098

24 (N.D.Cal. 1999)).

25    Plaintiff's complaint asks this Court to review and invalidate state court decisions.  But

26 the Court cannot evaluate plaintiff's federal complaint without, in effect, conducting an appellate

27 review of the state court judgment.  The fact that plaintiff references § 1983 in her complaint

28 does not alter its fundamental nature.  Because the Court does not have subject matter

4

1  jurisdiction to decide this matter, Judge Atack respectfully requests that his motion to dismiss be

2  granted.

3  **B.   To the Extent That Plaintiff's Complaint Incorporates Allegations Involving Any Ongoing State Court Proceeding, the *Younger* Doctrine Applies and This Case Should Be Dismissed**

4

5  From the allegations made in plaintiff's complaint, the status of the state court

6  proceedings in which plaintiff was a party, *System & Services Technologies, Inc. v. Beverly*

7  *Thorp*, Santa Cruz County Superior Court Case No. CV 155983, is somewhat unclear.  If there

8  was a final judgment in that matter, the *Rooker-Feldman* doctrine applies and the case should be

9  dismissed for lack of subject matter jurisdiction.  However, even if there is not yet a final

10  judgment in the state court case, this federal action should be dismissed.  To the extent that

11  plaintiff's complaint references any pending state court action, this Court should dismiss this

12  action pursuant to the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971).

13  (See *Quakenbush v. Allstate Insurance Company*, 517 U.S. 706 (1996).)  In *Younger*, the

14  Supreme Court "espouse[d] a strong federal policy against federal-court interference with

15  pending state judicial proceedings." (*H.C. v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000) (citation

16  omitted).)  "Absent extraordinary circumstances, *Younger* abstention is required if the state

17  proceedings are (1) ongoing, (2) implicate important state interests, and (3) provide the plaintiff

18  an adequate opportunity to litigate federal claims." (*Id.* (citation omitted)).  Here, plaintiff's

19  complaint identifies no circumstances that would warrant federal court intervention.  Therefore,

20  to the extent that plaintiff's complaint incorporates allegations involving any ongoing state court

21  proceeding, the *Younger* doctrine applies and this case must be dismissed. (*Id.*).

22  **C.   Since Plaintiff's Complaint Alleges No Cognizable Legal Theory Against Judge Atack, It Should Be Dismissed Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure**

23

24  In addition to requesting that Judge Atack's rulings and decisions be declared null and

25  void, plaintiff's complaint also requests that Judge Atack be disqualified from " . . . any case with

26  [her] name on it . . . ," pursuant to Cal. Code Civ. Proc., § 170.1(a)(6)(c).  (Complaint, Page 4,

27  lines 10-13).  In support of this requested relief, plaintiff's complaint re-asserts her allegations

28  that Judge Atack did not allow her a fair hearing or trial during the course of the state court

5

1  proceedings. (Complaint, Page 8, lines 23 to Page 9, line 8). However, a state court judge

2  disqualification motion is not a viable claim for relief in federal court. Thus, it follows that even

3  if all facts alleged in plaintiff's complaint were true, plaintiff would not be able to establish any

4  cognizable legal theory against Judge Atack or show that she would be entitled to any legal

5  remedy against Judge Atack. When such is the case, a Rule 12(b)(6) dismissal is proper. (See

6  *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990)). A Rule 12(b)(6) motion

7  to dismiss should be granted when the facts pleaded in plaintiff's complaint do not give rise to an

8  actionable claim. (See *Lujan v. National Wildlife Federation,* 497 U.S. 871 (1990)).

9          Even if accepted as true, none of the above factual allegations asserted against Judge

10  Atack in plaintiff's complaint give rise to any actionable claims and thus, any and all claims for

11  relief alleged against Judge Atack in this action should be dismissed pursuant to Rule 12(b)(6).

12                **D.    Judge Atack is Entitled to Judicial Immunity**

13          The Supreme Court long ago established the rule that judges are immune from civil suits

14  arising out of the exercise of their judicial functions. (*Bradley v. Fisher,* 80 U.S. 335 (1871)).

15  "It is a general principle of the highest importance to the proper administration of justice that a

16  judicial officer, in exercising the authority vested in him, shall be free to act upon his own

17  conviction, without apprehension of personal consequences to himself." (*Id.,* at 347).

18          As stated by the Supreme Court in *Pierson v. Ray,* 386 U.S. 547, 554 (1967):

19                Few doctrines were more solidly established at common law than the
                  immunity of judges from liability for damages for acts committed
20                within their judicial jurisdiction, as this Court recognized when it
                  adopted the doctrine, in *Bradley v. Fisher*, 13 Wall. 335 (1872). This
21                immunity applies even when the judge is accused of acting
                  maliciously and corruptly, and it "is not for the protection or benefit
22                of a malicious or corrupt judge, but for the benefit of the public,
                  whose interest it is that the judges should be at liberty to exercise
23                their functions with independence and without fear of consequences."
                  (*Scott v. Stansfield*, L.R. 3 Ex. 220, 223 (1868), quoted in *Bradley v.*
24                *Fisher, supra*, 349, note, at 350.) It is a judge's duty to decide all
                  cases within his jurisdiction that are brought before him, including
25                controversial cases that arouse the most intense feelings in the
                  litigants. His errors may be corrected on appeal, but he should not
26                have to fear that unsatisfied litigants may hound him with litigation
                  charging malice or corruption. Imposing such a burden on judges
27                would contribute not to principled and fearless decision-making but
                  to intimidation.

28

                                                    6

1   As indicated above, plaintiff's complaint asserts that Judge Atack did not allow her a fair

2   hearing and violated her due process rights during the course of the state court proceedings in

3   which she was a party. (Complaint, Page 8, line 23 to Page 9, line 8; Exhibit 1). Thus, the

4   alleged conduct of Judge Atack falls squarely under the ambit of judicial immunity. As stated by

5   the Court of Appeal in *Soliz v. Williams* 74 Cal. App. 4th at 592, the true test of whether judicial

6   immunity is applicable is as follows:

7       The United States Supreme Court has adopted a two-pronged test for
8   determining whether an act was "judicial" for absolute immunity from a suit for damages purposes: "Accordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence of which
9   ordinarily cannot be resolved without engaging in discovery and eventual trial. *Pierson* v. *Ray* [(1967)] *386 U.S. [547,] 554*
10   ('[I]mmunity applies even when the judge is accused of acting maliciously and corruptly'). See also *Harlow v. Fitzgerald, 457 U.S.*
11   *800, 815-819 (1982)* (allegations of malice are insufficient to overcome qualified immunity). [P] Rather, our cases make clear that
12   the immunity is overcome in only two sets of circumstances. First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions
13   not taken in the judge's judicial capacity. *Forrester v. White* [(1988)] *484 U.S. [219,] 227-229; Stump v. Sparkman* [(1978)] *435 U.S.*
14   *[349,] 360.* Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction.
15   *Id.*, at 356-357; *Bradley v. Fisher* [(1871) 80 U.S.] *13 Wall. [335,] 351." ( Mireles v. Waco (1991) 502 U.S. 9, 11-12 [112 S. Ct. 286,*
16   *288, 116 L. Ed. 2d 9].)*

17   Even as alleged in plaintiff's complaint, the only acts Judge Atack is alleged to have

18   taken were performed in his official judicial capacity while presiding over the case of *System &*

19   *Services Technologies, Inc. v. Beverly Thorp,* Santa Cruz County Superior Court Case No. CV

20   155983 (Complaint, Page 8, line 23 to Page 9, line 8; Exhibit 1), a case in which Judge Atack

21   was clearly acting in his judicial capacity. Thus, even if plaintiff's allegations are assumed to be

22   true, Judge Atack is entitled to judicial immunity and any and all claims for relief against him

23   should be dismissed without leave to amend.

24   **E.    Federal Court Jurisdiction over the Claims Against the State of California, its Entities, and Employees Acting in Their Official Capacity Is Barred**
25   **by the Eleventh Amendment**

26   In addition to the grounds asserted above, this case should also be dismissed because

27   claims against State of California officials acting in their official capacity are barred by the 11th

28   Amendment.

7

1    The Eleventh Amendment (U.S. Const. Amend. XI) provides:

2    "[T]he judicial power of the United States shall not be construed to
extend to any suit in law or equity, commenced or prosecuted against
3    one of the United States by citizens of another state . . . ."

4    The Eleventh Amendment bars suits which seek either damages or injunctive relief against a

5    state, an arm of the state, its instrumentalities or its agencies. (*Durning v. Citibank, N.A.*, 950

6    F.2d 1419, 1422-23 (9th Cir. 1991)).

7    Claimed incursions into federal constitutional rights can only be vindicated through the

8    statutory remedy provided in 42 U.S.C. section 1983. (*Monroe v. Pape*, 365 U.S. 167 (1961);

9    *Mitchum v. Foster*, 407 U.S. 225 (1972)). "Section 1983 is not itself a source of substantive

10    rights, but merely provides a method for vindicating federal rights elsewhere conferred."

11    (*Albright v. Oliver*, 510 U.S. 266 (1994) (citations and internal quotations omitted)).

12    The United States Supreme Court has held that a state, as well as state entities, are not

13    "persons" within the meaning of section 1983 and, thus, are not subject to suit for damages under

14    section 1983. (*Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70-71 (1989); *Gilbreath v.*

15    *Cutter Biological, Inc.*, 931 F.2d 1320, 1327 (9th Cir. 1991)). Cal. Gov't Code § 900.6 defines

16    "State" to include the State and any office, officer, department, division, bureau, board,

17    commission or agency of the State claims against which are paid by warrants drawn by the

18    Controller. Eleventh Amendment immunity for state entities also extends to actions against

19    judicial officers who are sued in their official capacities (*Will v. Michigan Dept. of State Police*,

20    491 U.S. at 71; *Montero v. Travis,* 171 F.3d 757, 761 (2nd Cir. 1999); *Staich v. Schwarzenegger*,

21    (E.D. Cal. Aug. 8, 2006, No. CIV S-04-2167) 2006 U.S. Dist. Lexis 58929). Determining an

22    individual's capacity "is best understood as a reference to the capacity in which the state officer

23    is sued, not the capacity in which the officer inflicts the alleged injury." (*Hafer v. Melo*, 502 U.S.

24    21, 26 (1991)). Therefore, the Court must look to the complaint to classify an individual's

25    capacity. (*Ashker v. Cal. Dep't of Corrs.* 112 F.3d 392, 395 (9th Cir. 1997)). Although plaintiff

26    alleges that "[t]he Defendants were acting as individuals . . ." (Complaint, Page 4, lines 6 to 8)

27    and a complaint filed by a pro per is liberally reviewed in favor of the plaintiff (*Id.*), here,

28    plaintiff's complaint never alleges any act or action performed by Judge Atack in his individual

8

1 capacity.  In fact, plaintiff's complaint asserts that Judge Atack did not allow her a fair hearing

2 and violated her due process rights exclusively during the course of the state court proceedings in

3 which she was a party.  (Complaint, Page 8, line 23 to Page 9, line 8; Exhibit 1).  Thus, it is clear

4 that plaintiff is suing Judge Atack in his official capacity for alleged actions that occurred while

5 he presided over her state court case, and therefore, this suit is barred by the Eleventh

6 Amendment.

7        To the extent there exists any state claims in plaintiff's complaint, the Eleventh

8 Amendment also precludes a plaintiff from bringing pendent state-law claims against a state

9 official in federal court.  (*Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 106,

10 121 (1984)).  Adhering to the Supreme Court's holding in *Pennhurst*, Ninth Circuit courts have

11 dismissed, on Eleventh Amendment grounds, pendent state-law claims brought against state

12 defendants in federal court.  (*Gilbreath v. Cutter Biological, Inc.*, 931 F.2d 1320, 1327 (9th Cir.

13 1991); *Ulaleo v. Paty*, 902 F.2d 1395, 1400 (9th Cir. 1990)).

14        Given the bar of Eleventh Amendment immunity, Judge Atack requests the dismissal of

15 any and all of plaintiff's claims for relief against in this action.

16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28

9

1

**IV.**

**CONCLUSION**

For the aforementioned reasons, Defendant Judge Robert Atack respectfully requests this Court grant his motion to dismiss any and all of plaintiff's claims for relief against him pursuant to Rules 12(b)(1) & 12(b)(6) of the Federal Rules of Civil Procedure of the Federal Rules of Civil Procedure.

Dated: April 18, 2008.

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

PAUL T. HAMMERNESS
Supervising Deputy Attorney General



___s/s Troy B. Overton_____
TROY B. OVERTON
Deputy Attorney General

Attorneys for Defendant JUDGE ROBERT ATACK
(erroneously named as JUDGE ROBERT ATTACK)

10

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:    **THORP, Beverly v. Judge Robert Atack**

No.:    **C 08-01449JF**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On <u>April 18, 2008</u>, I served the attached **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JUDGE ROBERT ATACK'S MOTION TO DISMISS [FRCP 12(b)(1) & 12(b)(6)]** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:


Beverly Thorp
c/o Box 2070
Sunnyvale, CA 94087



I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on April 18, 2008, at San Francisco, California.


| Rosalinda E. Asuncion | s/s Rosalinda E. Asuncion |
|---|---|
| Declarant | Signature |

40236624.wpd