**E-Filed 8/19/2008**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BEVERLY THORP,<br><br>               Plaintiff,<br><br>    v.<br><br>JUDGE ROBERT ATTACK,[1]<br><br>               Defendant. | Case Number C 08-1449<br><br>ORDER[2] DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND GRANTING DEFENDANT'S MOTION TO DISMISS |

      Plaintiff Beverly Thorp ("Thorp") brings this action against Santa Cruz Superior Court Judge Robert Atack (" Judge Atack"), alleging a violation of her due process rights and asserting claims pursuant to the Uniform Commercial Code ("UCC"). Thorp moves for default judgment, and Judge Atack moves for dismissal.[3] For the reasons set forth below, the motion for default

---

    [1] The Court takes judicial notice of the correct spelling of Judge Robert Atack's name.

    [2] This disposition is not designated for publication in the official reports.

    [3] Thorp also filed a motion for summary judgment on June 10, 2008, requesting that it be heard on June 20, 2008. Because Thorp's request did not comply with the briefing schedule set forth in Civil Local Rule 7-9, the Court did not allow the parties to argue the motion for summary judgment at the June 20 hearing, and it will not be addressed in this order.

judgment will be denied, and the motion to dismiss will be granted without leave to amend.

## I. BACKGROUND

Thorp alleges the following. Thorp was a party in *Sys.& Serv.Techs. Inc. v. Thorp*, No. CV 155983, a state court proceeding heard in the Santa Cruz Superior Court. Judge Atack presided over that action after Judge Paul Burdick was disqualified. Thorp alleges that Judge Atack failed to review the facts presented to him and "refused to accept irrefutable evidence in the case." Complaint at 13. Thorp also asserts that Judge Atack's rulings were "void and that fraudulent" and consequently that she was deprived of her personal property despite the fact that she was never charged with any offense or crime.[4] Thorp requests that the Court: (1) disqualify Judge Atack immediately and permanently;[5] and (2) declare all of Judge Atack's rulings and judgments to be null and void. Complaint at 30.

## II. LEGAL STANDARD

For purposes of a motion to dismiss, the plaintiff's allegations are taken as true, and the Court must construe the complaint in the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Leave to amend must be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment. *Lucas v. Department of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995). When amendment would be futile, however, dismissal may be ordered with prejudice. *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996).

## III. DISCUSSION

1. Default Judgment

Thorp claims that she properly served Judge Atack by sending a copy of the summons and complaint via certified mail to the Santa Cruz courthouse and that Judge Atack did not

---

[4] Thorp also alleges that "Judge Atack has violated so many laws, it would take me a ream of paper just to list them." Complaint at 13.

[5] Although Thorp states in her opposition papers that final judgment was rendered in 2007, she requests that Judge Atack be disqualified because she will not be able to receive a fair hearing or trial before him.

2

Case No. C 08-1449
ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND GRANTING DEFENDANT'S MOTION TO DISMISS
(JFLC1)

respond in a timely manner.[6] Judge Atack contends that this method of personal service is invalid as it does not conform with the requirements of either F. R. Civ. Pro. § 4(e) or C.C.P. §§ 415.10 *et seq*. The Court concludes that it has insufficient information to permit it to resolve this issue on the merits. For example, Thorp has failed to indicate whether she exercised reasonable diligence to serve Judge Atack in person or by mail to his usual place of abode. Thorp also has failed to specify whether she brings this action against Judge Atack in his individual or official capacity. Neither party has provided information as to whether Thorpe served two copies of a notice and acknowledgment of service in accordance with C.C.P. §415.30 or as to whether Judge Atack returned an acknowledgment of service as required for complete service under Cal. Civ. Pro. §415.30. When service of process is challenged, the party on whose behalf service was made has the burden of establishing its validity. *See, e.g.*, *Hope v. Otis Elevator Co.*, 389 F. Supp. 2d 1235, 1242 (E.D. Cal. 2005); *Hickory Travel Systems, Inc. v. TUI AG*, 213 F.R.D. 547, 551 (N.D. Cal. 2003). Because Thorp has not met this burden, her motion for default judgment will be denied.

2.   Motion to Dismiss

Pursuant to Rule 12(b)(6), a district court must dismiss an action if it lacks jurisdiction over the subject matter of the lawsuit. The relief sought by Thorp in this case is a declaration that all of Judge Atack's rulings and judgments are null and void.[7] However, with the exception of habeas corpus petitions, federal courts lack jurisdiction to review final state court judgments. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 n.16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). "[A] losing party in state court is barred from seeking what in substance would be appellate review of the state judgment in United States District Court, based on the losing party's claim that the state judgment itself violates the loser's federal

---

[6] Judge Atack filed the instant motion on April 18, 2008, more than thirty days after the alleged date of service.

[7] At oral argument Thorp stated that she is not seeking to appeal Judge Atack's rulings but rather to challenge the judge's conduct. However, her complaint specifically seeks invalidation of the judge's rulings.

3

1 rights." *Bennett v. Yshima*, 140 F.3d 1218, 1223 (9th Cir. 1998) (quoting *Johnson v. DeGrady*, 512 U.S. 997, 1005-06 (1994)).

Thorp also requests that this Court disqualify Judge Atack. This is not a viable claim for relief in federal court, and in any event Judge Atack is immune from suit for his judicial acts. *Bradley v. Fisher*, 80 U.S. 335 (1971). The Supreme Court has explained:

> Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their jurisdiction, as this Court recognized when it adopted the doctrine, in *Bradley v. Fisher*. This immunity applies even when the judge is accused of acting maliciously and corruptly, and it is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences. It is a judge's duty to decide all cases within his jurisdiction that are brought before him, including controversial cases that arouse the most intense feelings in the litigant. His errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption. Imposing such a burden on judges would contribute not to principled and fearless decsionmaking but to imitation.

*Pierson v. Ray*, 386 U.S. 547, 554 (1967) (internal quotations and citations omitted).

## IV.  ORDER

While ordinarily the Court views the pleadings of a pro se litigant with great liberality, *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Karim-Panahi v. Los Angeles Police Department*, 839 F.2d 621, 623 (9th Cir. 1988), it is apparent both from the complaint and from Thorp's responses to the Court's questions during oral argument that the instant suit is directed entirely toward Judge Atack's handling of Thorp's state court case. Because Thorp does not and cannot allege that Judge Atack acted in the complete absence of jurisdiction, any amended complaint also would be barred by the doctrine of judicial immunity. Accordingly, IT IS HEREBY ORDERED that the motion to dismiss is GRANTED without leave to amend. The clerk shall enter judgment and close the file.

DATED: August 19, 2008

_____
JEREMY FOGEL
United States District Judge

4

Case No. C 08-1449
ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND GRANTING DEFENDANT'S MOTION TO DISMISS
(JFLC1)

5
Case No. C 08-1449
ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND GRANTING DEFENDANT'S MOTION TO DISMISS
(JFLC1)

1 | This Order has been served upon the following persons:

3 | Beverly Thorp
P. O Box 2070
Sunnyvale, Ca 94087

5 | Troy Bentley Overton    troy.overton@doj.ca.gov

6

Case No. C 08-1449
ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND GRANTING DEFENDANT'S MOTION TO DISMISS
(JFLC1)